# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| MARCUS WATLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| WOLF RETAIL SOLUTIONS I, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

## JURISDICTION AND PARTIES

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Plaintiff is a Georgia citizen and he resides in Rome, Georgia.

3. Defendant is a Florida corporation with its principal address at 4014 Gunn Highway, Suite 125, Tampa, Florida, 33618. Defendant does business in Georgia and in other states throughout the country. Its registered agent for service of process is Robinson P. Thomas, 4014 Gunn Highway, Suite 125, Tampa,

Florida, 33618.

## FACTS

4. Defendant provides merchandising services to retail stores throughout the United States.

5. In January of 2021, while Plaintiff was in Georgia, Defendant employed Plaintiff to perform work on its behalf. Plaintiff has been employed by Defendant from January of 2021 through the present.

6. Plaintiff travels to retail stores throughout the United States and performs merchandising work for Defendant's clients, including Dollar General, Family Dollar, and Home Depot. He has performed work for Defendant at stores in Georgia and in numerous other states throughout the United States.

7. During a period of several months, Plaintiff performed work for Defendant in California.

8. Defendant pays Plaintiff an hourly rate of pay for his work, and he records his work and submits it to Defendant in accordance with Defendant's instructions.

9. Plaintiff routinely works overtime hours of more than 40 per workweek for which he is not compensated at a rate of one and one-half times his regular rate of pay.

10. More specifically, Defendant failed to pay Plaintiff any compensation whatsoever for certain overtime hours that he worked, recorded, and submitted to Defendant.

11. In addition, Defendant also paid Plaintiff his regular rate, or "straight time," for overtime hours that Plaintiff worked, recorded, and submitted to Defendant. The pay records generated by Defendant and provided to Plaintiff show on their face that Defendant paid Plaintiff his regular rate for overtime hours.

12. Defendant also "rolled over" certain overtime hours in one workweek to the next workweek in order to avoid paying overtime.

13. During the period when Plaintiff worked in California, there were occasions when Plaintiff worked more than 8 hours per work day; worked more than 12 hours per work day; worked seven consecutive days during a workweek; and/or worked more than 8 hours on his seventh consecutive day of work.

14. During the period when Plaintiff worked in California, Defendant only compensated him at an overtime rate of one and one-half times his regular rate for some hours worked over 40 during a workweek, and Defendant never paid Plaintiff at a rate of at least two times his regular rate of pay for any hours worked.

## Count 1—Violations of Fair Labor Standards Act

15. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the

allegations set forth in paragraphs 1-14 above.

16. Defendant is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

17. Plaintiff is an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

18. While performing work for Defendant, Plaintiff engages in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b) of the FLSA.

19. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

20. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

21. Pursuant to Section 207(a)(1) of the FLSA, Defendant is required to pay Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

22. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

23. Defendant's violations of Section 207 of the FLSA are willful. Specifically, Defendant is well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA, or has recklessly disregarded its legal obligation.

24. Defendant's violations of the FLSA are continuing.

25. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

26. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

27. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## Count 2—Violations of California Labor Code

28. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-27 above.

29. During the period when Plaintiff worked in California for several months, the overtime provisions of the California Labor Code applied to Defendant.

30. Pursuant to Cal. Lab. Code § 510, Defendant was required to compensate Plaintiff at a rate of at least one and one-half times his regular rate of

pay for work exceeding eight hours in one workday; for work exceeding 40 hours in any workweek; and for the first eight hours worked on the seventh day of work in any workweek.

31. Pursuant to Cal. Lab. Code § 510, Defendant was required to compensate Plaintiff at a rate of at least two times his regular rate of pay for work exceeding 12 hours in one workday and work exceeding eight hours on the seventh day of work in any workweek.

32. By failing to compensate Plaintiff at rates of one and one-half times his regular rate of pay and two times his regular rate of pay for overtime hours, as applicable, Defendant violated Cal. Labor Code § 510.

33. By providing Plaintiff with inaccurate wage statements that did not set forth the amounts of wages Plaintiff was owed pursuant to the California Labor Code, Defendant violated Cal. Labor Code § 226.

34. By willfully failing to pay Plaintiff all of the wages he was owed pursuant to the California Labor Code, Defendant violated Cal. Labor Code §§ 201 and 202.

35. Pursuant to Cal. Lab. Code § 1194, Defendant is liable to Plaintiff for overtime back pay and interest.

36. Pursuant to Cal. Lab. Code § 1194, Plaintiff is entitled to an award of

attorney's fees and costs.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay pursuant to the FLSA and the California Labor Code;

(b) liquidated damages in an amount equal to his overtime back pay recovered pursuant to the FLSA;

(c) penalties for wage statement violations pursuant to the California Labor Code;

(c) interest;

(d) reasonable attorney's fees and costs; and

(e) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com


/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff